IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANDREW T. HALL                                                    PLAINTIFF

vs.                              Civil No. 2:13-cv-02067

CAROLYN COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Andrew T. Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social
Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of
the Commissioner of the Social Security Administration ("SSA") denying his application for a
Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the
jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including
conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment
proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and
orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff  filed his application for DIB on March 31, 2011.  (Tr. 10, 87-88).  Plaintiff alleged
he was disabled due to scoliosis with spinal tumor, back pain, shortness of breath, and spinal fusion.
(Tr. 115).  Plaintiffs alleged an onset date of October 1, 2010.  (Tr. 87).  Plaintiff's DIB application
was denied initially and at the reconsideration levels.  (Tr. 10).

Plaintiff then requested an administrative hearing on his application.  (Tr. 54).  This hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

was held on January 17, 2012 in Fort Smith Arkansas.  (Tr. 23-42).  Plaintiff was present and was represented by counsel, Fred Caddell at this hearing.  *See id.*  Plaintiff testified at this hearing.  *See id*.  On the date of this hearing, Plaintiff was twenty-two (22) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education.  (Tr. 25).

On March 2, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-18).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 1, 2010.  (Tr. 12, Finding 2).  Although Plaintiff did work after the alleged onset date, the ALJ found this work activity did not rise to the level of SGA.  *Id.*

The ALJ determined Plaintiff had the severe impairment of scoliosis of the thoracolumbar spine, status post posterior fusion. (Tr. 12, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-16, Finding 5).  First, the ALJ evaluated  Plaintiff's subjective complaints and found his claimed limitations were not totally credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of sedentary work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 16, Finding 6).  The ALJ determined Plaintiff was unable to perform his PRW.  *Id.*  The ALJ, however, also determined there

was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 201.27 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. (Tr. 17). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from October 1, 2010, through the date of the decision. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this decision. (Tr. 1-3). On March 6, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 8, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

4

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion</u>:

Plaintiff brings the present appeal claiming the ALJ failed to properly evaluate Plaintiff's RFC.  ECF No. 13, Pgs. 7-11.  In response, Defendant argues the ALJ did not err in any of his findings.  ECF No. 14.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox,* 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work.  (Tr. 14, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination and

failed to properly consider the opinions of non-treating physicians. ECF No. 13, Pgs. 7-11. However, substantial evidence supports the ALJ's RFC determination finding that Plaintiff is capable of performing the full range of sedentary work.

In 2008, Plaintiff was diagnosed with scoliosis. (Tr. 189-190). On September 4, 2008, Plaintiff had a spinal fusion based on his diagnosis of scoliosis. (Tr. 254). Plaintiff had a three-month post-surgical checkup on January 15, 2009. (Tr. 235). Plaintiff informed his treating physician, Dr. Richard McCarthy, he was doing very well, had no complaints of pain, and was very happy with the results of his surgery. *Id.* Dr. McCarthy stated Plaintiff demonstrated "excellent" forward bending and "good" side-to-side bending. *Id.* On this same visit, Plaintiff informed Dr. McCarthy he no longer had pain at night, and he had begun working at Wal-Mart. *Id.*

As noted by the ALJ, the record contains no further treatment notes following the January 2009 treatment notes. Additionally, the record does not contain any medical treatment records dated immediately before, or any time after, Plaintiff's alleged disability onset date of October 1, 2010.

The ALJ also considered the findings of Dr. Chester Carlson, who performed a General Physical Examination of Plaintiff on July 15, 2011. (Tr. 194-198). Dr. Carlson indicated Plaintiff had normal range of motion of his shoulders and cervical spine, and had 60 degrees of flexion of his lumbar spine. (Tr. 196). The exam indicated Plaintiff had no muscle spasm or muscle weakness and his reflexes, sensation, gait, and coordination were normal. (Tr. 197). Dr. Carlson indicated Plaintiff was moderately limited in his ability to bend, twist, and lift, due to Herrington rods in his lumbar spine. (Tr. 198).

Plaintiff argues the ALJ erred by failing to provide reasons for rejecting the opinion of Dr. Alice Davidson, who also performed a consultative examination, and found Plaintiff could only

6

occasionally climb, balance, stoop, kneel, crouch, or crawl.  (Tr. 203).  However, ALJ considered Dr. Davidson's findings, but gave the assessment limited weight because Dr. Davidson believed Plaintiff capable of performing the standing and walking requirements of light work,  while the ALJ found Plaintiff capable of only sedentary work.  (Tr. 16).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of sedentary work.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE